**No. 65075.**—The Best Foods, Inc. *v.* United States, protests 301900–K(B), etc. (New York).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *The Best Foods, Inc.* (47 C.C.P.A. 163, C.A.D. 751), the claim of the plaintiff was sustained.

**No. 65076.**—Armstrong Beaumont Co. et al. *v.* United States, protests 756068–G, etc. (New York).

Opinion by RICHARDSON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C.C.P.A. 130, C.A.D. 508), and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C.D. 1155), the claim of the plaintiffs was sustained.

**No. 65077.**—Jos. Garneau Company, Inc., and De Faemery Company *v.* United States, protest 805814–G(B) (New York).

Opinion by RICHARDSON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C.C.P.A. 130, C.A.D. 508), and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C.D. 1155), the claim of the plaintiffs was sustained.

**No. 65078.**—F. C. G. Importers, Inc., et al. *v.* United States, protests 811796–G/ 10628, etc. (New Orleans).

Opinion by RICHARDSON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C.C.P.A. 130, C.A.D. 508), and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C.D. 1155), the claim of the plaintiffs was sustained.

**No. 65079.**—Canada Dry Ginger Ale, Inc., et al. *v.* United States, protests 120684– K/575, etc. (Chicago).

Opinion by RICHARDSON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C.C.P.A. 130, C.A.D. 508), and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C.D. 1155), the claim of the plaintiffs was sustained.

**No. 65080.**—Asche Bandor Corp. et al. *v.* United States, protests 121970–K, etc. (New York).

Opinion by RICHARDSON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C.C.P.A. 130, C.A.D. 508), and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C.D. 1155), the claim of the plaintiffs was sustained.

**No. 65081.**—American International Products Corp. *v.* United States, protest 60/7291 (Philadelphia).

Opinion by RICHARDSON, J. In accordance with rule 5(b) of the rules of this court, as amended, the protest was dismissed for lack of prosecution.

BEFORE THE FIRST DIVISION, JANUARY 26, 1961

**No. 65082.**—M. Pressner & Co. *v.* United States, protest 319778–K (New York).

OLIVER, Chief Judge: This protest relates to certain merchandise described on the invoice as "Plastic Camera Viewer" and identified therein as items 4835 and 4836. Duty was assessed thereon at the rate of 45 per centum ad valorem under the provision in paragraph 228(b) of the Tariff Act of 1930 for optical instruments. Plaintiff claims that the articles are properly dutiable at only 35 per centum ad valorem under the provision in paragraph 1513 of the Tariff Act of 1930, as modified by T.D. 52739, supplemented by T.D. 52820, for toys, not specially provided for.

The tariff classification of merchandise as toys is controlled by statutory definition set forth in paragraph 1513 of the Tariff Act of 1930 as follows:

PAR. 1513. * * * As used in this paragraph the term "toy" means an article chiefly used for the amusement of children, whether or not also suitable for physical exercise or for mental development. *The rates provided for in this paragraph shall apply to articles enumerated or described herein, whether or not more specifically provided for elsewhere in this Act.* [Italics supplied.]

The italicized portion of the foregoing statutory language points up the wide application to be given to the provisions governing tariff classification of merchandise as toys. The broad construction applicable to paragraph 1513, as originally enacted and as modified, was expressed in *Louis Wolf & Co., Bing Wolf Corp.* v. *United States*, 19 C.C.P.A. (Customs) 132, T.D. 45258, wherein our appellate court stated that "an *eo nomine* designation of an article in a provision not intended to include toys would not remove the article from the toy paragraph, if it in fact was a toy." Such a judicial construction was invoked in *United States* v. *Wanamaker*, 15 Ct. Cust. Appls. 310, T.D. 42485, wherein